IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                           CR. NO. S-04-0408 DFL (GGH)

    vs.

DAVID NUNEZ MALDONADO,
GUADALUPE MARIA LUNA,
JOSE DE JESUS BUENROSTRO, and
FERNANDO TREJO DAMIAN,

    Defendants.                ORDER
_____/

*Introduction and Summary*

        Defendants in this case raise an issue of first impression under Crawford v. Washington, 534 U.S. 36, 124 S. Ct. 1354 (2004). They claim that the right to adequate cross examination in a prior testimony context includes the right to have Jencks Act material for *all* witnesses turned over prior to the deposition of one soon-to-be-dismissed (and deceased) co-defendant. The undersigned disagrees for the reasons set forth below.

*Background*

        The United States has indicted four individuals on multiple counts of mail fraud, money laundering, identity theft, and aiding and abetting thereto. The alleged scheme involved the acquisition of employer and employee information followed by the filing of unemployment insurance claims for the unknowing employees who were generally still employed. Defendants

1

are alleged to have given the state EDD false addresses for the employees and employer, and had the unemployment checks sent to the addresses that they controlled. It was necessary to list false addresses for the employer so that continued benefits could be sought without the employer's knowledge. Certain of the defendants would then cash the unlawfully obtained unemployment checks by using false identifications.

Defendant Jose de Jesus Buenrostro is alleged to have conspired with the defendants, and aided an abetted the scheme, insofar as he knowingly permitted his address to be used for receiving the unlawful employment checks, and insofar as he gave these checks to the other defendants thereupon receiving "service money" from those defendants. All parties agree that, at present, Buenrostro is suffering from a terminal illness which will cause his death in the very near future. The government, with the permission of his attorney and Buenrostro's consent, seeks to take his deposition pursuant to Fed. R. Crim. P. 15 in order to preserve his testimony. The court has been informed that the indictment against Buenrostro will then be dismissed on account of his imminent demise.

At hearing, the court found the required cause to take Buenrostro's deposition in that extraordinary circumstances exist (the imminent death of Buenrostro), and that his testimony would be material. Although defendants filed a nearly pro forma objection to the deposition claiming materiality purportedly had not been shown, this objection dissipated at hearing. However, defendants requested at hearing that prior to the deposition they receive not only the Jencks Act (18 U.S.C. § 3500) statements of Buenrostro, but also that they receive the Jencks Act material for *all* defendants.[1] Defendants reasoned that because Buenrostro will in fact be unavailable for trial, they may need to cross-examine Buenrostro with Jencks Act information disclosed at the later trial with respect to all government witnesses because this will be their one

---

[1] There exists no dispute that the same Jencks Act material which would have to be disclosed for Buenrostro, should he have testified for the government at trial, will have to be disclosed prior to his deposition. See Fed. R. Crim, P. 15(e)(3).

chance to cross-examine Buenrostro.  Defendants construct a hypothetical scenario in aid of their argument where Buenrostro would testify at trial, and cross-examination could then proceed on all Jencks Act material presumably turned over prior to his testimony, or that at the very least, should Jencks Act material be turned over after his testimony, presumably pertinent to cross-examination of Buenrostro, that he could be recalled as a witness and subjected to that further "informed" cross-examination.  They then argue that a Crawford violation will occur in reality because the presumed informative Jencks Act material of other witnesses will not be disclosed prior to their one chance at cross-examination at this deposition.

*Discussion*

Defendants conceded that there is no pre or post-Crawford case that supports their disclose-all-statements position.  However, they argue that the import of Crawford, which emphasizes the importance of cross-examination and confrontation to our evidentiary system, now mandates that they be given all tools necessary to make that cross-examination/confrontation as good as it can be.  There is no doubt that Crawford is an important statement on the value of cross-examination and confrontation; indeed, the Ninth Circuit has found that it announces one of those infrequent watershed due process rules which may be retroactively applied to convictions otherwise final.  Bocting v. Bayer, 399 F.3d 1010, 1012 (9th Cir. 2005).  Nevertheless, Crawford cannot be read so broadly so as to render unconstitutional every limitation of cross-examination.

First, Crawford dealt only with the need *per se* for prior cross-examination before testimonial, out-of-court statements would be admitted at trial for unavailable witnesses.  It said nothing about the scope of permitted cross-examination, including one's right to procure discovery prior to cross-examining.  Rather, the general rule that: "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20, 106 S. Ct. 292 (1985), remains the rule after Crawford as well.

1       The court found scant authority for the issue concerning whether production of all

2 Jencks Act material should be produced before the deposition of a single witness; however, that

3 pre-Crawford authority discovered rejects defendants' position.  In U.S. v. Coker, 1992 WL

4 59156, *1-*2 (E.D.Pa. 1992), the court rejected a defendant's request for all Jencks Act

5 statements:

> Defendant contended that because he did not have the Jencks statements of other witnesses at the time of Medford's deposition, his ability to cross-examine her from these statements was curtailed.  A defendant is entitled to the statements of a witness at the time that witness testifies.  18 U.S.C. § 3500(b).  The court ordered the government to provide defense counsel with all Jencks material pertaining to Ms. Medford at the time of her deposition and the government did so.  The defense is not entitled to the Jencks statements of all prospective government witnesses at the time a prior witness is called to testify. 18 U.S.C. § 3500(a).  Even if Ms. Medford had been physically able to appear in person, the government would have had a right to call her as its first witness without releasing the Jencks statements of all its other prospective witnesses.

14 The undersigned is not sufficiently persuaded by defendants postulations that "first called"

15 witnesses could always be recalled should later produced Jencks statements demonstrate such a

16 need—thus, there is a dispositive difference between a deposed witness and a trial witness.

17 There is no guarantee that a witness, once dismissed, will be available throughout trial for recall.

18 Out-of-country witnesses are a good example of witnesses that would not be subject to recall.

19 The court is unwilling to gut the Jencks Act procedural requirements based on defendant's

20 speculative suppositions.

21       Most importantly, however, there is a good analogue to the dispute here—one that

22 has been discussed by the Supreme Court and Circuit courts.  That analogue is the use of

23 preliminary hearing testimony at trial when the preliminary hearing witness has become

24 unavailable.

> In Roberts, [Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531 (1980)] the Court determined that the preliminary hearing transcript bore "sufficient 'indicia of reliability' and afforded 'the trier of fact a

satisfactory basis for evaluating the truth of the prior statement'" because counsel had "an adequate opportunity to cross-examine [the witness], and counsel ... availed himself of that opportunity." Id. at 73, 100 S.Ct. 2531 (quoting California v. Green, 399 U.S. 149, 161, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (alterations in original)). Expounding upon Roberts, the Supreme Court has explained that an "adequate opportunity" does not necessarily mean cross-examination of the length and breadth afforded during trial: "Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985); see also Green, 399 U.S. at 166, 90 S.Ct. 1930 (noting that even though preliminary hearing testimony is often a "less searching exploration into the merits," the opportunity to cross-examine the witness may still satisfy the Confrontation Clause).

In applying Roberts, this circuit has upheld the use of preliminary hearing testimony against a defendant when the witness is unavailable. In Haywood, we acknowledged that preliminary hearing testimony is often a "'less searching exploration into the merits'" than cross-examination at trial, id. at 462 (quoting Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)), because the only function of a preliminary hearing is to determine whether probable cause exists for holding the accused for trial, see id. at 461. Despite the limited scope of the inquiry, however, we explained that preliminary hearing testimony is not "inherently unreliable" simply because it was "not subjected to as extensive cross-examination as it could have been at trial." Id. at 462. We determined that the testimony in Haywood met the second prong of the Roberts test because it "was given under circumstances that were intended to impress upon him the importance of telling the truth." Id. at 463. It was not a "casual statement made in an informal setting" in which one reasonably might have felt "at liberty to exaggerate or color his version of an event." Id. Further, in Haywood, the witness "testified in open court under oath and subject to criminal penalties for perjury." Id. "His testimony was not about someone far removed from the proceedings; [the defendant] was seated directly before him...." Id. We explained that, although counsel's opportunity to cross-examine the witness was more limited than at trial, it was "more than adequate to allow him to determine precisely what [the witness] claimed to know and the claimed basis for his knowledge." Id.

***

Before this court, Mr. Owens makes a general assertion that he was denied an opportunity to "examine the witness' credibility." Petitioner's Br. at 34. Mr. Owens, however, does not explain how

5

> the limitations on preliminary hearing testimony curtailed his ability to cross-examine Maurice Owens and, further, does not identify specific questions that he would have put to Maurice if he had been given more leeway in the examination. In short, Mr. Owens does not come forward with evidence that the cross-examination was so limited as to deny "'the trier of fact a satisfactory basis for evaluating the truth of the prior statement.'" Roberts, 448 U.S. at 65-66, 100 S.Ct. 2531 (quoting Green, 399 U.S. at 161, 90 S.Ct. 1930).

Owens v. Frank, 394 F.3d 490, 502-503 (7th Cir. 2005).

Thus, it is not necessary that the cross-examination pre-trial precisely mirror the type of cross-examination that *might* be permitted or available at trial. Defendants may argue that Roberts was in fact overruled by Crawford. While it is true that Crawford replaced the "indicia of reliability" test used by Roberts to analyze all out-of-court testimonial statements with a requirement *per se* of cross-examination, the facts of Roberts itself were given as an example of when prior testimony should be permitted. Crawford, 541 U.S. at 58, 124 S. Ct. at 1368. As long as a defendant was given an *adequate* pre-trial opportunity to cross-examine, a witness' read or videotaped testimony at trial will not be precluded simply because all possible information was not supplied to counsel prior to a pre-trial deposition.

      Finally, the facts of this case do not lend themselves to defendants' arguments. Buenrostro was a bit "delivery" player in the overall scheme—a person that was used by the primary defendants in a logistical sense. By no means was Buenrostro the driving force behind the conspiracy. It is therefore very doubtful that not supplying all Jencks statements will place an undue crimp in the deposition cross-examination of Buenrostro.

      In sum, the court does not find that Crawford requires an invalidation of the Jencks Act, Fed. R. Crim. P. 15(e)(3), and other federal rules which require only the supplying of

\\\\\
\\\\\
\\\\\
\\\\\

6

1  the testifying *witness'* statements at various pre-trial proceedings where testimony is taken.  See

2  Fed. R. Crim. P. 26.2(g).

3  DATED: 5/25/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
maldonado408.ord