McGREGOR W. SCOTT
United States Attorney
MATTHEW C. STEGMAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2793

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                    )<br>            Plaintiff,             )<br>                                    )<br>     v.                             )<br>                                    )<br>DAVID NUNEZ MALDONADO,              )<br>GUADALUPE MARIA LUNA,               )<br>JOSE DE JESUS BUENROSTRO, and       )<br>FERNANDO TREJO DAMIAN,              )<br>                                    )<br>            Defendants.             )<br>_____) | CR. NO. S-04-408-DFL<br><br>APPLICATION FOR ORDER<br>REGARDING CRIMINAL FORFEITURE<br>OF PROPERTY IN GOVERNMENT<br>CUSTODY - 18 U.S.C. §<br>983(a)(3)(B)(ii)(II) |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about October 26, 2004, during the execution of federal search warrants, inspectors of the United States Postal Inspection Service ("USPIS") seized the following assets for the purpose of initiating civil forfeiture proceedings:

    a). Approximately $7,139.00 in U.S. Currency seized on or about October 26, 2004;

///

1

  b). Approximately $2,405.00 in U.S. Currency seized on or about October 26, 2004;

On or about October 27, 2004, Magistrate Judge Nowinski issued civil seizure warrants pursuant to 18 U.S.C. § 981(b) based on probable cause for the following funds in the various bank accounts. On that same day, USPIS inspectors seized the following assets for the purpose of initiating civil forfeiture proceedings:

  c). Approximately $8,986.20 in U.S. Currency seized on or about October 27, 2004, from Umpqua Bank, account number 990050544, held in the name of David Nunez;

  d). Approximately $16,889.93 in U.S. Currency seized on or about October 27, 2004, from Wells Fargo Bank, account number 0039971692, held in the name of David Nunez;

  e). Approximately $4,991.25 in U.S. Currency seized on or about October 27, 2004, from Redwood Credit Union, account number 11000000212028, held in the name of David Nunez;

  f). Approximately $8,616.50 in U.S. Currency seized on or about October 27, 2004, from Savings Bank of Mendocino County, account number 02080911, held in the name of David Nunez; and

  g). Approximately $14,476.30 in U.S. Currency seized on or about October 27, 2004, from Bank of America, account number 01282-06808, held in the name of David Nunez.

Hereinafter, the above-referenced assets (a-g) are collectively referred to as the "seized assets".

In accordance with 18 U.S.C. § 983(a)(1), the USPIS sent notice to defendant David Nunez Maldonado of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about January 26, 2005, defendant David Nunez Maldonado filed a claim contesting the administrative forfeiture of the seized assets pursuant to 18 U.S.C. § 983(a)(2).

1    Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90
2 days in which to 1) return the property to the defendant, 2)
3 commence a civil judicial forfeiture action, or 3) commence a
4 criminal forfeiture action by including the seized assets in a
5 criminal indictment.  On April 21, 2005, the Government elected the
6 third option when it filed a Superseding Indictment containing a
7 forfeiture allegation concerning the seized assets.  That
8 Superseding Indictment is now pending in this Court.
9    Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the
10 government elects the third option, it must "take the steps
11 necessary to preserve its right to maintain custody of the property
12 as provided in the applicable criminal forfeiture statute".  The
13 applicable forfeiture statute in this case is 18 U.S.C. § 982.
14 Title 18 U.S.C. § 982(b)(1) incorporates the forfeiture procedures
15 set forth in 21 U.S.C. § 853.  That statute prescribes several
16 methods for preserving property for the purpose of criminal
17 forfeiture.
18    Section 853(f) authorizes the issuance of a criminal seizure
19 warrant.  However, in cases like this one, where the property in
20 question is already in Government custody, it is not appropriate
21 for a court to issue a seizure warrant directing the Government to
22 seize property from itself.  In turn, Section 853(e) authorizes the
23 court to issue a restraining order or an injunction to preserve the
24 property for forfeiture.  However, that provision is not pertinent
25 because there is no need to enjoin the government from disposing of
26 property that the government has taken into its custody for the
27 purpose of forfeiture, and that the Government intends to preserve
28 ///

3

for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized assets pursuant to federal seizure and search warrants, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including USPIS and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED:<u>May 26, 2005</u>             McGREGOR W. SCOTT
                                     United States Attorney


                             By:     /s/
                                     MATTHEW C. STEGMAN
                                     Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the USPIS and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a). Approximately $7,139.00 in U.S. Currency seized on or about October 26, 2004;

b). Approximately $2,405.00 in U.S. Currency seized on or about October 26, 2004;

c). Approximately $8,986.20 in U.S. Currency seized on or about October 27, 2004, from Umpqua Bank, account number 990050544, held in the name of David Nunez;

d). Approximately $16,889.93 in U.S. Currency seized on or about October 27, 2004, from Wells Fargo Bank, account number 0039971692, held in the name of David Nunez;

e). Approximately $4,991.25 in U.S. Currency seized on or about October 27, 2004, from Redwood Credit Union, account number 1100000212028, held in the name of David Nunez;

f). Approximately $8,616.50 in U.S. Currency seized on or about October 27, 2004, from Savings Bank of Mendocino County, account number 02080911, held in the name of David Nunez; and

g). Approximately $14,476.30 in U.S. Currency seized on or about October 27, 2004, from Bank of America, account number 01282-06808, held in the name of David Nunez.

IT IS SO ORDERED.

DATED: 6/9/2005                 /s/ David F. Levi
                                DAVID F. LEVI
                                UNITED STATES DISTRICT JUDGE