```
McGREGOR W. SCOTT
United States Attorney
MATTHEW STEGMAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2793
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-S-04-408 DFL |
| ) | |
| Plaintiff, ) | PRELIMINARY ORDER OF |
| ) | FORFEITURE |
| v. ) | |
| ) | |
| DAVID NUNEZ MALDONADO and ) | |
| GUADALUPE MARIA LUNA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Based upon the plea agreements entered into between plaintiff United States of America and defendants David Nunez Maldonado and Guadalupe Maria Luna, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

     a. Approximately $7,139.00 in U.S. Currency seized on or about October 26, 2004;

     b. Approximately $2,405.00 in U.S. Currency seized on or about October 26, 2004;

///

        c.    Approximately $8,986.20 in U.S. Currency seized on or about October 27, 2004, from Umpqua Bank, account number 990050544, held in the name of David Nunez;

        d.    Approximately $16,889.93 in U.S. Currency seized on or about October 27, 2004, from Wells Fargo Bank, account number 0039971692, held in the name of David Nunez;

        e.    Approximately $4,991.25 in U.S. Currency seized on or about October 27, 2004, from Redwood Credit Union, account number 11000000212028, held in the name of David Nunez;

        f.    Approximately $8,616.50 in U.S. Currency seized on or about October 27, 2004, from Savings Bank of Mendocino County, account number 02080911, held in the name of David Nunez;

        g.    Approximately $14,476.30 in U.S. Currency seized on or about October 27, 2004, from Bank of America, account number 01282-06808, held in the name of David Nunez;

        h.    All funds in Bancomer Bank Account Number 1115613736 located in Mexico; and

        i.    All funds in Bancomer Bank Account Number 00143052648 located in Mexico.

    2.    Pursuant to 18 U.S.C.§ 982(b)(1) (incorporating 21 U.S.C. §§ 853(e)(4) & (p)(3)) and 18 U.S.C. § 983(i), the following properties shall be repatriated within thirty (30) days of any repatriation order and defendant Guadalupe Maria Luna shall repatriate the above-referenced properties and shall deliver them to the United States Marshals Service in a manner and form designated in writing by the United States.  If, however, any of the properties are presently restrained by law enforcement agencies, the defendant Guadalupe Maria Luna shall repatriate such properties within thirty (30) days from the date of notice of the release of any such restraint.

///

      h.    All funds in Bancomer Bank Account Number 1115613736 located in Mexico; and

      i.    All funds in Bancomer Bank Account Number 00143052648 located in Mexico.

3. All of the above-listed properties constitute or were derived from proceeds traceable to the commission of violations of 18 U.S.C. § 1341.

4. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described properties. The aforementioned properties shall be seized and held by the United States Marshals Service, in its secure custody and control.

5. a. Pursuant to 18 U.S.C. § 982(b)(1) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Ukiah Daily Journal</u> (Mendocino County), a newspaper of general circulation located in the county in which the above-described properties were seized, notice of this Order, notice of the Attorney General's and/or Secretary of Treasury's intent to dispose of the properties in such manner as the Attorney General and/or the Secretary of Treasury may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

    b. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the

1  petitioner's right, title or interest in the forfeited properties
2  and any additional facts supporting the petitioner's claim and the
3  relief sought.
4             c.  The United States may also, to the extent practicable,
5  provide direct written notice to any person known to have alleged an
6  interest in the properties that are the subject of the Order of
7  forfeiture, as a substitute for published notice as to those persons
8  so notified.
9        6.  If a petition is timely filed, upon adjudication of all
10 third-party interests, if any, this Court will enter a Final Order
11 of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated
12 by 28 U.S.C. § 2461(c), in which all interests will be addressed.
13       SO ORDERED this 26 day of June, 2006.

_____
DAVID F. LEVI
United States District Judge

4