McGREGOR W. SCOTT
United States Attorney
MATTHEW STEGMAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:04-CR-408-DFL |
| Plaintiff, | **ORDER TO REPATRIATE FUNDS SUBJECT TO FORFEITURE** |
| v. | |
| GUADALUPE MARIA LUNA, | |
| Defendant. | |

Based upon the Application for Order to Repatriate Funds Subject to Forfeiture filed by the United States, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to the provisions of 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. §§ 853(e)(4) & (p)(3)) and 18 U.S.C. § 983(i), the funds on deposit in the following bank accounts subject to seizure and forfeiture, shall be repatriated to the United States and deposited with the United States Marshals Service:

    a. All funds in Bancomer Bank Account Number 1115613736 located in Mexico, and

    b. All funds in Bancomer Bank Account Number 00143052648 located in Mexico.

///

1  2.  The above-listed properties were involved in, constitute, or were derived from the gross proceeds traceable to the commission of violations of 18 U.S.C. § 1341 (mail fraud).

3.  Defendant Maria Guadalupe Luna shall repatriate the above-referenced funds within thirty (30) days of the date of this order and shall deliver them to Courtney J. Linn, Assistant U.S. Attorney, in a cashier's check made payable to the United States Marshals Service.

4.  If any of the above-referenced funds are restrained by law enforcement agencies, the defendant shall repatriate such funds within thirty (30) days from the date of notice of the release of any such restraint.

5.  The defendant shall cooperate with any foreign government in connection with the repatriation of the above-described assets, and any subsequently discovered assets, and shall execute any and all official U.S. and foreign documents that are reasonably necessary to effectuate the repatriation of the above-described assets.

6.  The defendant's failure to comply with this repatriation order may be punishable as a civil or criminal contempt of court and may also result in an enhancement of the defendant's sentence under the obstruction of justice provision of the Federal Sentencing Guidelines pursuant to 18 U.S.C. § 981(b)(1)

////
////
////
////

2

1 | (incorporating 21 U.S.C. § 853(e)(4)(B)).
2 | DATED: 6/25/2006

_____
DAVID F. LEVI
United States District Judge